UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

ROBERT MERRITT, :
        Plaintiff, :
         :
   v. : No. 5:18-cv-00213
         :
GREGORY POINSKY,[1] PAROLE AGENT; :
DAVID BARADGIE, PAROLE AGENT; :
LYNN, DIRECTOR OF ADAPPT CEC; :
CAROL SCHULTZ, :
HEARING EXAMINER OF PAROLE BOARD; :
and KEYS, PAROLE AGENT, :
        Defendants. :

---

**O P I N I O N**
Motion to Dismiss, ECF No. 9 - Granted

**Joseph F. Leeson, Jr.**                                                                                                     February 25, 2019
**United States District Judge**

**I.    INTRODUCTION**

Plaintiff Robert Merritt filed a pro se complaint alleging that parole agents and the halfway house director conspired to deprive him of his rights by sending him back to prison on false documents and lying at the hearing before the parole board. Merritt alleges that the hearing examiner abused her authority by not dismissing the complaint. Defendants Polinsky, Schultz, and Keys have filed a Motion to Dismiss. For the reasons set forth below, the Motion to Dismiss is granted. The official capacity claims against Polinsky, Schultz, Keys, and Baradgie are dismissed with prejudice, as well as the individual capacity claims against Schultz. The individual capacity claims against the remaining Defendants and the official capacity claims

---

[1]     The correct spelling of this Defendant's name is Polinsky.

against Lynn are dismissed without prejudice. Merritt is granted leave to file an amended complaint as to the individual capacity claims, only, against Keys and Polinsky.

## II. STANDARDS OF REVIEW

### A. Motion to Dismiss- Rule 12(b)(1)

A Rule 12(b)(1) motion is the proper mechanism for a defendant to raise the issue of whether Eleventh Amendment immunity bars federal jurisdiction. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984) ("In short, the principle of sovereign immunity is a constitutional limitation on the federal judicial power established in Art. III.")). When a motion to dismiss is based on lack of subject matter jurisdiction in addition to other defenses, "[a]n actual determination must be made whether subject matter jurisdiction exists before a court may turn to the merits of the case." *Tagayun v. Stolzenberg*, 239 F. App'x 708, 710 (3d Cir. 2007).

### B. Motion to Dismiss- Rule 12(b)(6)

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

(explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The Court is required to liberally construe a pro se litigant's pleadings. *See Higgs v. AG of the United States*, 655 F.3d 333, 339 (3d Cir. 2011). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### C. Initial Screening

Where a plaintiff has been granted leave to proceed *in forma pauperis*, as Merritt has here, the Court is required to screen the complaint and to sua sponte dismiss any claims that are frivolous, malicious, fail to state a claim, or seek monetary relief against a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2). *See also* 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c)(1); *Jones v. Bock*, 549 U.S. 199, 214 (2007). The standard of review is the same as for a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Bartelli v. Galabinski*, 228 F. App'x 194, 196 (3d Cir. 2007).

## III. BACKGROUND

On January 16, 2018, Merritt filed a pro se complaint and application for leave to proceed *in forma pauperis*. The application for leave to proceed *in forma pauperis* was granted the following week. *See* ECF Nos. 1-2. The Complaint, citing 18 U.S.C. §§ 241-242, asserts that the Court has federal question jurisdiction. *See* Compl., ECF No. 3. Merritt alleges that on May 31, 2016, parole agents Polinsky and Baradgie, along with ADAPPT[2] director Lynn, conspired to deprive him of his freedom by sending him back to prison on false documents and lying at the

---

[2] ADAPPT is a halfway house in Reading, Pennsylvania.

3
022219

hearing before the parole board. Merritt alleges that the hearing examiner, Schultz, abused her authority when she dismissed only a portion of the complaint but not the entire complaint, which he alleges was subsequently dismissed in its entirety by another hearing examiner. Merritt alleges that on the way back to prison Baradgie told him to waive his hearing and that Baradgie would return to get Merritt from prison. Merritt also complains that no one at ADAPPT could help him, and alleges that he was discriminated against because he had a prior criminal conviction. For relief, Merritt asks the Court to prosecute all Defendants criminally and to award him monetary damages.

Although Polinsky, Schultz, and Keys ("Commonwealth Defendants") were served with the Complaint, Merritt failed to provide sufficient address information to allow the U.S. Marshals to serve either Baradgie or Lynn. Merritt was notified in June 2018, that the addresses he provided were not sufficient to allow for service. *See* ECF Nos. 6-8. On November 6, 2018, Merritt was granted an extension of time until December 10, 2018, to provide proper address information for service. *See* ECF No. 11. That time was subsequently extended until January 4, 2019. *See* ECF No. 12. The order extending time advised Merritt that if he failed to timely return the completed USM-285 forms with proper addresses, Lynn and Baradgie would be dismissed without further notice. *See* ECF No. 12. To date, the Court has not received valid addresses to allow for service on either Defendant.

The Commonwealth Defendants have filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). They argue, first, that to the extent Commonwealth Defendants are sued in their official capacities for alleged constitutional violations, the claims are barred by the Eleventh Amendment and; also, that they are not "persons" under 42 U.S.C. § 1983. Next, they assert that the Complaint does not allege that

Keys had any personal involvement and any individual capacity claims against her should be dismissed. The Commonwealth Defendants argue that the individual capacity claims against Schultz must also be dismissed because she was performing adjudicatory duties and is protected by quasi-judicial immunity. Finally, the Commonwealth Defendants assert that because the Complaint fails to state the elements of a false arrest/imprisonment claim, the individual capacity claims against Polinsky should be dismissed. Merritt did not respond to the Motion to Dismiss.

IV. ANALYSIS

Although Merritt relies on two criminal statutes as the basis of federal question jurisdiction and asks the Court to prosecute Defendants criminally, criminal statutes do not provide a basis for civil liability. *See Perry v. Lackawanna Cnty. Children & Youth Servs.*, 345 F. App'x 723, 725 n.4 (3d Cir. 2009) (explaining that "[a]lthough [the plaintiff] sought to have criminal charges brought against the defendants, such relief may not be obtained in a civil action under 42 U.S.C. § 1983"); *Mathis v. Atty. for Mrs. Hines*, No. 18-4798, 2018 U.S. Dist. LEXIS 202097, at *8 (E.D. Pa. Nov. 29, 2018) (dismissing claims the pro se plaintiff brought pursuant to criminal statutes). However, after liberally construing the Complaint, the Court finds that Merritt alleges a false arrest / false imprisonment claim and a malicious prosecution claim in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983.[3] *See Gonzaga Univ. v. Doe*,

---

[3] Liberally construing the allegations, the Court considered other possible claims, but finds they are not viable for the following reasons. First, Merritt's allegations regarding the false complaint do not state a due process claim because the "asserted violation falls under an explicit constitutional guarantee, such as the Fourth Amendment." *McCullough v. Spathelf*, No. 3:17-cv-1856, 2018 U.S. Dist. LEXIS 62012, at *15-16 (M.D. Pa. Apr. 12, 2018) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). *See also Gordon v. City of Phila.*, 40 F. App'x 729, 730 (3d Cir. 2002) ("[I]t is beyond argument that a claim of malicious prosecution under § 1983 cannot be based on substantive due process considerations."); *McGee v. Thomas*, No. 16-5501, 2018 U.S. Dist. LEXIS 4313, at *10 (E.D. Pa. Jan. 10, 2018) (construing the plaintiff's procedural due process claim under § 1983 as a constitutional false arrest claim). There is also no separate claim based on Merritt's allegation that the parole agents lied under oath because the agents are

536 U.S. 273, 284-85 (2002) (holding that § 1983 is not a source of substantive rights, but a means to redress violations of federal law by state actors).

> A. **The official capacity claims against Polinsky, Schultz, Keys, and Baradgie are dismissed with prejudice.**

"[T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies." *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). "There are two limited circumstances under which a state's Eleventh Amendment immunity can be overcome:" when the state has waived its immunity and when Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. *See Allen v. Sweeney*, No. 11-5602, 2012 U.S. Dist. LEXIS 166732, at *21-22 (E.D. Pa. Nov. 20, 2012) (dismissing all § 1983 claims against the Commonwealth). Neither exception applies here. *See id.* Furthermore, the Third Circuit Court of Appeals has repeatedly "held that Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity." *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008). *See also J.C. v. Ford*, 674 F. App'x 230, 232 (3d Cir. 2016) (holding that "the Philadelphia Adult Probation and Parole Department and its employees acting in their official capacity are entitled to immunity from damages"). The official capacity claims against the parole defendants Polinsky, Schultz, Keys, and Baradgie are therefore barred by the Eleventh Amendment.

---

protected by absolute witness immunity. *See Briscoe v. Lahue*, 460 U.S. 325, 345 (1983) (holding that although "some defendants might indeed be unjustly convicted on the basis of knowingly false testimony by police officers, the absolute witness immunity bars recovery for these defendants"). Finally, to the extent Merritt's allegation that he was discriminated against because he "was a so called ex con" could be construed as asserting an equal protection claim, the claim necessarily fails because ex-cons are not a protected class for § 1983 liability. *See Sanders v. Downs*, No. 3:08-1560, 2009 U.S. Dist. LEXIS 125655, at *164 (M.D. Pa. Nov. 25, 2009) ("The Supreme Court has never held that animus based on prior felony convictions satisfies the class-based invidious discriminatory practice necessary to state a cause of action.").

Moreover, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (explaining that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"). *See also* 42 U.S.C. § 1983 (providing that "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . ." (emphasis added)).

Merritt's claims against Polinsky, Schultz, Keys, and Baradgie[4] in their official capacities are dismissed with prejudice.[5]

### B. Merritt's individual capacity claims against Schultz are dismissed with prejudice based on the doctrine of quasi-judicial immunity.

"[P]robation officers and Pennsylvania Parole Board members are entitled to quasi-judicial immunity when engaged in adjudicatory duties." *Thompson v. Burke*, 556 F.2d 231, 236 (3d Cir. 1977). Adjudicatory duties include serving as a hearing examiner at a person's detention proceeding, hearing the evidence, and making a recommendation to the Parole Board. *See Harper v. Jeffries*, 808 F.2d 281, 284 (3d Cir. 1986) (concluding that the hearing examiner was entitled to quasi-judicial immunity).

---

[4] The Court has screened the Complaint with respect to Baradgie, and dismisses him *sua sponte*.

[5] Although a pro se plaintiff should normally be given an opportunity to file a curative amendment, leave to amend need not be granted where an "amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Because the official capacity claims are barred by the Eleventh Amendment, an amendment would be futile. *See Jones v. Del. Health*, 709 F. App'x 163, 164 (3d Cir. 2018) (holding that because the plaintiff's action was barred by the Eleventh Amendment, any attempt to amend would be futile).

Because Schultz's sole role in Merritt's case was as hearing examiner, she performed adjudicatory duties and is therefore entitled to quasi-judicial immunity. *See id.* Schultz is dismissed with prejudice.[6]

### C. Merritt's individual capacity claims against Keys are dismissed without prejudice for failure to state a claim.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). There are two theories of supervisory liability: (1) the defendant-supervisor participated in violating the plaintiff's rights, directed others to violate them, or had knowledge of and acquiesced in his subordinates' violations; and (2) the defendant, in his role as policymaker, acted with deliberate indifference in establishing and maintaining a policy, practice, or custom which directly caused the plaintiff's constitutional harm. *A.M. v. Luzerne County Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).

Other than including Keys in the list of defendants, the Complaint makes no mention of Keys. There are absolutely no allegations that Keys had any personal involvement in the alleged wrongs, either by direct participation or by direction of others, or that Keys was a policymaker and acted with deliberate indifference in establishing or maintaining a policy that led to the alleged violations. The individual capacity claims are therefore dismissed. Although the Court questions whether Merritt can amend his allegations to state a claim against Keys, he will be given an opportunity to file a curative amendment.

---

[6] *See Gromek v. Maenza*, 614 F. App'x 42, 45 n.5 (3d Cir. 2015) (determining that any amendment would be futile because the defendant was protected by the doctrine of quasi-judicial immunity).

**D. Merritt's individual capacity claims against Polinsky are dismissed without prejudice for failure to state a claim.**

In a civil rights action pursuant to 42 U.S.C. § 1983, the plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *See Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993). To establish a Fourth Amendment claim for false arrest, Merritt must show that Polinsky lacked probable cause to arrest him. *See Pollock v. City of Phila.*, 403 F. App'x 664, 669 (3d Cir. 2010). "Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002). "The validity of an arrest is determined by the law of the state where the arrest occurred." *Id.* "In Pennsylvania, '[a] false arrest is defined as 1) an arrest made without probable cause or 2) an arrest made by a person without privilege to do so.'" *Stock v. Braswell*, No. 16-6412, 2017 U.S. Dist. LEXIS 121325, at *17 (E.D. Pa. Aug. 1, 2017) (quoting *Renk v. City of Pittsburgh*, 641 A.2d 289, 295 n.2 (Pa. 1994)).

The Complaint contains only conclusory allegations that Merritt was sent to prison on a false document. It does not allege what the complaint stated, what was allegedly false, or explain how the allegedly false information was material in Merritt's arrest. Although the Court must accept as true all of the allegations in the complaint, "it need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). To sufficiently establish that Polinsky violated his Fourth Amendment rights by falsely arresting him, Merritt must point to specific facts that

Polinsky lacked probable cause. Because he did not, the claim is dismissed without prejudice. *See Taylor v. Commonwealth*, No. 17-3369, 2018 U.S. Dist. LEXIS 210370, at *21-22 (E.D. Pa. Dec. 12, 2018) (dismissing the plaintiff's false arrest and false imprisonment claims because they contained only conclusory allegations); *Postie v. Frederick*, No. 3:14-CV-00317, 2015 U.S. Dist. LEXIS 157642, at *7 (M.D. Pa. Nov. 23, 2015) (dismissing the false arrest claim because the plaintiff provided only conclusory assertions that the defendant made false statements, but did not "identify the specific statements that are alleged to be false, or explain why those statements were material to the finding of probable cause"). Because the absence of probable cause is also an element of malicious prosecution and false imprisonment claims, *see Berry v. Kabacinski*, 704 F. App'x 71, 73 (3d Cir. 2017), these claims are also dismissed without prejudice. Merritt will be afforded an opportunity to file a curative amendment in this regard.

### E. Merritt's claims against Baradgie and Lynn are dismissed for lack of timely service.[7]

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Merritt filed his Complaint and was granted leave to proceed *in forma pauperis* on January 23, 2018. Because service fell to the U.S. Marshals, the Court does not apply the strict ninety-day time limit. However, Merritt was informed in June 2018 that the addresses he provided were not sufficient to allow for service on either Baradgie or Lynn. *See* ECF Nos. 6-8. By two Orders, Merritt was granted extensions of

---

[7] Having screened the Complaint and for the reasons discussed in Section A, the official capacity claims against Baradgie are dismissed with prejudice as barred by the Eleventh Amendment. For the reasons discussed in Section D regarding the claims against Polinsky, the Court finds that Merritt also failed to state a claim against Baradgie and Lynn.

time to provide proper address information for service, and advised that if he failed to timely respond, Baradgie and Lynn would be dismissed without further notice. *See* ECF Nos. 11-12. The extended deadline expired on January 4, 2019, and Merritt has not provided sufficient information to allow the U.S. Marshals to make service. Accordingly, Baradgie and Lynn are dismissed pursuant to Rule 4(m).[8] *See Maltezos v. Giannakouros*, 522 F. App'x 106, 108 (3d Cir. 2013) (holding that it is an *in forma pauperis* plaintiff's responsibility to provide the court with sufficient information to make service, and concluding that the district court did not err in dismissing the complaint for failure to effect service where the plaintiff failed to provide the U.S. Marshal with a valid address for service).

### F. Merritt is granted leave to file an amended complaint.

Merritt is granted leave to file an amended complaint to reassert his individual capacity claims, only, against Keys and Polinsky. *See Grayson*, 293 F.3d at 111. Merritt is advised that the "amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). It must be a new pleading which stands by itself without reference to the original complaint. *Id.* The amended complaint "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations." *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362 (1976)). The amended complaint must include specific factual allegations to establish the personal involvement of Keys in the alleged violations. It must include specific factual allegations regarding Polinsky that show each element of a claim for malicious prosecution, false imprisonment, and false arrest, including the existence of probable cause. "The amended complaint must also be 'simple,

---

8     *See* Footnote 7, *supra*.

concise, and direct' as required by the Federal Rules of Civil Procedure." *Id.* (citing Fed. R. Civ. P. 8(e)(1)).

## V. CONCLUSION

The official capacity claims against Polinsky, Schultz, Keys, and Baradgie are dismissed with prejudice as barred by the Eleventh Amendment because states and state agencies, including parole, are immune from suit. The individual capacity claim against Schultz is also dismissed with prejudice based on quasi-judicial immunity. The official capacity claim against Lynn and all other individual capacity claims are dismissed without prejudice for the reasons discussed herein. Merritt is granted leave to file an amended complaint asserting individual capacity claims, only, against Keys and Polinsky.[9]

A separate order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[9] Merritt's motion to appoint counsel is dismissed as moot. However, if he files an amended complaint, he may refile his motion or the Court may reconsider his request *sua sponte*. *See also* Order, ECF No. 4 (Order dated January 24, 2018, denying counsel).